**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4198**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

ARTHUR C. ROGERS,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior
District Judge.  (7:10-cr-00632-HMH-1)

———————

Submitted:  July 25, 2011           Decided:  August 11, 2011

———————

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Benjamin  T.  Stepp,  Assistant  Federal  Public  Defender,
Greenville, South Carolina, for Appellant.  William N. Nettles,
United  States  Attorney,  William  J.  Watkins,  Jr.,  Assistant
United  States  Attorney,  Greenville,  South  Carolina,  for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur C. Rodgers pled guilty to use of a means of identification of another person in connection with a felony in violation of 18 U.S.C. § 1028(a)(7) (2006). On appeal, he alleges that his forty-two-month variance sentence was error. For the reasons that follow, we affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). As we have explained, "no matter what provides the basis for a deviation from the Guidelines range – we review the resulting sentence only for reasonableness." United States v. Evans, 526 F.3d 155, 164 (4th Cir. 2008) (citing Gall, 552 U.S. at 50).

In assessing a sentencing court's decision to depart from a defendant's Sentencing Guidelines range, we "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. McNeill, 598 F.3d 161, 166 (4th Cir. 2010) (internal quotation marks omitted), aff'd on another ground, 131 S. Ct. 2218 (2011). We will find a sentence to be unreasonable if the sentencing "court provides an inadequate statement of reasons or relies on improper factors in imposing a sentence outside the properly calculated advisory sentencing range." United

States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).

Here, the district court correctly calculated Rogers' advisory Sentencing Guidelines range as 24-30 months of imprisonment. After listening to the arguments of counsel, to the defendant himself, and addressing some of the 18 U.S.C. § 3553(a) (2006) factors, the court imposed an upward variance sentence of forty-two months. The court, which was faced with a recalcitrant career criminal with an extensive criminal history, adequately explained its reasons for departing upward. In these circumstances we do not find that the sentence was unreasonable. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED